UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMIRO BELTRAN,

             Plaintiff,

    v.

CITY OF TUKWILA,

             Defendant.

CASE NO. 2:25-cv-01657-JNW

ORDER

Pro se Plaintiff Ramiro Beltran files this action in forma pauperis ("IFP"), suing Defendant City of Tukwila ("City") under 42 U.S.C. § 1983 for violations of age and race discrimination laws. After reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Beltran fails to state a claim on which relief can be granted.

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted

ORDER - 1

under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Even construed liberally, Beltran's complaint fails to meet the pleading standard. The complaint does not adequately identify any conduct or action taken by the City; it only alleges "age discrimination" and "race discrimination" occurred between August 2023 and January 2024. Dkt. No. 4 at 5–6. The complaint directs the Court to review Beltran's attached EEOC Charge of Discrimination, Dkt. No. 4 at 6, but the attachment is Beltran's Notice of Right to Sue, which does not contain any facts related to his claims. Dkt. No. 4 at 9–12. Simply stating the legal claims at issue and the dates during which the violations occurred is insufficient to state a plausible claim for relief under Section 1983.

ORDER - 2

Courts ordinarily may not dismiss a pro se complaint without leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Because the Court cannot evaluate the underlying merits of Beltran's claims, it cannot conclude that an amended complaint would necessarily fail.

Accordingly, the Court orders as follows:

1. The Court DISMISSES the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice. Dkt. No. 4.

2. Beltran must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for each of his claims as required by Fed. R. Civ. P. 8.

3. Failure to file a proper amended complaint within FOURTEEN (14) days of this order will result in dismissal of this action without prejudice.

The Clerk is directed to note this deadline on the Court's calendar.

Dated this 10th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 3